# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# GREENBELT DIVISION

| | |
|---|---|
| MITZI DANIELS, <br> 19654 Crystal Rock Drive <br> Germantown, MD 20874 <br>    Montgomery County <br><br>            Plaintiff, <br><br> v. <br><br> CAPITAL ONE BANK (USA), N.A., <br> 1680 Capital One Drive <br> McLean, VA 22102-3491 <br>       SERVE: <br> Corporation Service Co. <br> 1111 East Main Street <br> Richmond, VA 23219 <br><br>            Defendant. | **Civil Action No. _____** <br><br> **PLAINTIFF'S COMPLAINT FOR DAMAGES** <br> **(Telephone Consumer Protection Act)** <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

MITZI DANIELS ("Plaintiff"), by and through her attorneys, alleges the following against CAPITAL ONE BANK (USA), N.A. ("Defendant"):

1. Plaintiff brings this action on behalf of herself individually seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act (hereinafter "TCPA"), *47 U.S.C. § 227 et seq.*

## JURISDICTION AND VENUE

2. Defendant conducts business in the state of Maryland, and therefore, personal jurisdiction is established. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. §227(b)(3). See, *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

4. Venue is proper in the United States District Court for the District of Maryland pursuant to 28 U.S.C § 1391(b) because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

## PARTIES

5. Plaintiff is a natural person residing in the the county of Montgomery, city of Germantown, Maryland.

6. Defendant is a Virginia corporation doing business in the state of Maryland. Defendant is headquartered in McLean, Virginia.

7. At all times relevant to this Complaint, Defendant has acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

8. Defendant placed collection calls to Plaintiff seeking and attempting to collect on alleged debts owed by Plaintiff.

9. Defendant placed collection calls to Plaintiff's cellular telephone at phone number (202) 498-48XX.

10. Defendant places collection calls to Plaintiff from phone numbers including, but not limited to, (800) 955-6600, (800) 955-7070, (804) 482-6668.

11. Per its prior business practices, Defendant's calls were placed with an automated telephone dialing system ("auto-dialer").

12. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1) to place its telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff, MITZI DANIELS.

13. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

14. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

15. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

16. On November 21, 2017, Plaintiff called into Defendant's company at phone number (800) 955-6600. Plaintiff spoke with Defendant's female representative and requested that Defendant cease calling Plaintiff's cellular phone.

17. During the conversation on November 21, 2017, Plaintiff gave Defendant her social security number and date of birth to assist Defendant in accessing her account before asking Defendant to stop calling her cell phone (202) 498-48XX.

18. Plaintiff revoked any consent, explicit, implied, or otherwise, to call her cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system in her conversation with Defendant's representative on November 21, 2017.

19. Despite Plaintiff's request, Defendant continued to place telephone calls to Plaintiff's cellular telephone after November 21, 2017.

20. Despite Plaintiff's repeated request that Defendant cease placing automated collection calls, Defendant placed at least one hundred and thirty-three (133) automated calls to Plaintiff's cellular telephone after November 21, 2017.

### FIRST CAUSE OF ACTION NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227

21. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-20.

22. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

23. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

24. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

### SECOND CAUSE OF ACTION KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *ET. SEQ.*

25. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-20.

26. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

27. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

28. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

### THIRD CAUSE OF ACTION -VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT ("MCDCA") AND MARYLAND CONSUMER PROTECTION ACT ("MCPA") MD. CODE ANN., COM. LAW §§ 14-201 *ET SEQ.* AND §§ 13-101 *ET SEQ.*

29. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-20.

30. Defendant violated the MCPA based on the following:

   a. Defendant violated §13-301(14) of the MCPA by continuously failing to comply with the statutory regulations contained within the MCDCA, § 14-201 *et seq.*

   b. Defendant's conduct of repeatedly and continuously calling Plaintiff on her cellular phone, even after Plaintiff unambiguously required Defendant to cease doing so, was made to harass and abuse the Plaintiff and cause her undue telephone expenses, in violation of §14-202(6) of the MCDCA.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MITZI DANIELS, respectfully requests judgment be entered against Defendant, CAPITAL ONE BANK (USA), N.A. for the following:

FIRST CAUSE OF ACTION

(Telephone Consumer Protection Act, 47 U.S.C. § 227)

31. For statutory damages of $500.00 multiplied by the number of TCPA violations alleged herein (133), $66,500.00;

32. Actual damages and compensatory damages according to proof at time of trial;

## SECOND CAUSE OF ACTION

(Telephone Consumer Protection Act 47 U.S.C. § 227 *et seq.*)

33. For statutory damages $1,500.00 multiplied by the number of TCPA violations alleged herein (133), $199,500.00;

34. Actual damages and compensatory damages according to proof at time of trial;

## THIRD CAUSE OF ACTION

(Maryland Consumer Debt Collection Act and Maryland Consumer Protection Act Md. Code Ann., Com. Law §§ 14-201 *et seq.* and §§ 13-101 *et seq.*)

35. Actual damages and compensatory damages according to proof at time of trial;

36. Litigation costs and reasonable attorney's fees, as mandated by applicable MCPA § 13-408(b);

## ON ALL CAUSES OF ACTION

37. Actual damages and compensatory damages according to proof at time of trial;

38. Costs and reasonable attorneys' fees;

39. Any other relief that this Honorable Court deems appropriate.

## **JURY DEMAND**

Plaintiff respectfully demands a trial by jury on all issues so triable.

Dated: August 13, 2018          Respectfully submitted,

/s/ Anitra Ash-Shakoor
Anitra Ash-Shakoor

(Federal Bar No. 18701)
a.ashshakoor@capitaljustice.com
CAPITAL JUSTICE
1300 I Street NW, Suite 400E
 Washington, DC 20005
Phone: (202) 465-0888
Fax: (202) 827-0089


Alyson J. Dykes
(admission pro hac vice pending)
AlysonD@jlohman.com
THE LAW OFFICES OF JEFFREY LOHMAN,
P.C.
4740 Green River Road, Suite 206
Corona, CA 92880
Phone: (866) 329-9217 ext. 1007